Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Middle District of PA |
|---|---|
| Name (under which you were convicted): Scott Kirchner | Docket or Case No.: 1:21 CV 1200 |
| Place of Confinement: SCI-Huntingdon | Prisoner No.: HK-0751 |
| Petitioner (include the name under which you were convicted) Scott Kirchner | v. Respondent (authorized person having custody of petitioner) Superintendent K. Kauffman |
| The Attorney General of the State of Pennsylvania | |

FILED
SCRANTON
AUG 2 5 2021
Per. _____
DEPUTY CLERK

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Court of Common Pleas, Lebanon County, Pa., Lebanon County Courthouse 400 S. 8th St., Lebanon, PA 17042

   (b) Criminal docket or case number (if you know): CP-38-CR-1970-2017

2. (a) Date of the judgment of conviction (if you know): September 27, 2018

   (b) Date of sentencing: November 21, 2018

3. Length of sentence: Life in prison without the possibility of parole

4. In this case, were you convicted on more than one count or of more than one crime?    Yes ☒    No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: First Degree Murder, Robbery, Burglary and Aggravated Assault

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒          (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐              (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?___N/A_____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☒       Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?

    Yes ☐  No ☒

9. If you did appeal, answer the following:

(a) Name of court: ___N/A_____

(b) Docket or case number (if you know): _____N/A_____

(c) Result: _____N/A_____

(d) Date of result (if you know): _____N/A_____

(e) Citation to the case (if you know): _____N/A_____

(f) Grounds raised: _____N/A_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    Yes ☐    No ☒

    If yes, answer the following:

(1) Name of court: ___N/A_____

(2) Docket or case number (if you know): _____N/A_____

(3) Result: _____N/A_____

_____

(4) Date of result (if you know): _____N/A_____

(5) Citation to the case (if you know): _____N/A_____

(6) Grounds raised: _____N/A_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☒

If yes, answer the following:

(1) Docket or case number (if you know): __N/A__

(2) Result: _____N/A_____

_____

(3) Date of result (if you know): ____N/A____

(4) Citation to the case (if you know): ____N/A____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: __Court of Common Pleas, Lebanon County, Pennsylvania__

(2) Docket or case number (if you know): __CP-38-CR-1970-2017__

(3) Date of filing (if you know): __March 7, 2019__

(4) Nature of the proceeding: __Petition for Post-Conviction Collateral Relief__

(5) Grounds raised: __See, Page 4.1 - 4.2 infra__

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☒  No ☐

(7) Result: __Denied__

(8) Date of result (if you know): __February 3, 2020__

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: __Court of Common Pleas, Lebanon County, Pennsylvania__

(2) Docket or case number (if you know): __CP-38-CR-1970-2017__

(3) Date of filing (if you know): __Concurrently with the filing of this petition__

(4) Nature of the proceeding: __Petition for Post-Conviction Collateral Relief__

(5) Grounds raised: __See, Page 4.3 infra__

_____

_____

_____

(CONTINUED FROM PAGE 4, PARAGRAPH 11(a)(5))

(1) Petitioner was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his trial counsel, Shawn M. Curry, Esq., failed to file a direct appeal to the Pennsylvania Superior Court following Petitioner's conviction and sentencing in the State trial court.

(2) Petitioner was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his trial counsel, Shawn M. Curry, Esq., failed to object at the time of trial to the Commonwealth's closing arguments pertaining to Petitioner wearing gloves during the robbery/homicide at issue where there was never any evidence or testimony during the course of trial indicating that the perpetrator was wearing gloves.

(3) Petitioner was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his trial counsel, Shawn M. Curry, Esq., failed to provide him with copies of text messages from the victim's cell phone; wiretap recordings obtained during the course of his confinement in the Lebanon County Correctional Facility; as well relevant information regarding Commonwealth witness, Alexy Torres-Figueroa, where such material and information bore directly on Petitioner's decision to testify at the time of trial.

(4) Petitioner was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his trial counsel, Shawn M. Curry, Esq., failed to present the testimony of Petitioner's paramour, Kiyayla Rodriguez, as an alibi witness.

(5) Petitioner was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his trial counsel, Shawn M. Curry, Esq., failed to cross-examine Petitioner's co-defendant, and the Commonwealth's star witness, Charles Holloway, as to why he was the individual with gun powder on his hands.

(6) Petitioner was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his trial counsel, Shawn M. Curry, Esq., failed to interview,

investigate and present the testimony at trial of the
tennant and/or property owner of a residence located on
7th Street, within the City of Lebanon, Pennsylvania, who
was capable of refuting the allegation that Petitioner
entered that residence and changed clothes after the
robbery/homicide at issue.

(7) Petitioner was denied his right to the effective assistance
of counsel, as guaranteed by the Sixth and Fourteenth
Amendments to the United States Constitution, where his
trial counsel, Shawn M. Curry, Esq., failed to properly
and/or otherwise effectively cross-examine Petitioner's
co-defendant, Charles Holloway, as to how he was able to
tell the police that there was a lady in the front
room of the residence wherein the robbery/homicide took
place and who could state he wasn't present if, as he claimed,
he wasn't present and therefore wouldn't know if someone was
in the front room of the residence or not.

(8) Petitioner was denied the effective assistance of counsel,
as guaranteed by the Sixth and Fourteenth Amendments to the
United States Constitution, where his trial counsel, Shawn
M. Curry, Esq., failed to request the FBI recording
analysis of the 911 call, along with Petitioner's cell
phone and the phone signal ping report.

(CONTINUED FROM PAGE 4, PARAGRAPH 11(b)(5))

(1) Petitioner was denied his right to the effective assistance
    of initial-review state court post-conviction collateral
    relief counsel where said counsel, Melissa Montgomery, Esq.,
    failed to properly investigate, develop, advance and
    litigate, both before the state PCRA court and on appeal
    from the state PCRA court's denial of PCRA relief, the
    claims for relief as set forth at pages 4.1 - 4.2 supra.

(2) Petitioner was denied his right to the effective assistance
    of initial-review state court post-conviction collateral
    relief counsel where said counsel, Melissa Montgomery, Esq.,
    failed to identify, investigate, advance and litigate within
    the context of Petitioner's initial-review state court post-
    conviction collateral relief ("PCRA") petition the claims
    for relief set forth within the instant Habeas Petition at
    Grounds Three and Four infra.

_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ❑ No ❑  Not to date

(7) Result: __Pending_____

(8) Date of result (if you know): _Pending_____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: __N/A_____

(2) Docket or case number (if you know): ___N/A_____

(3) Date of filing (if you know): ____N/A_____

(4) Nature of the proceeding: _____N/A_____

(5) Grounds raised: _____N/A_____

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ❑ No ❑  N/A

(7) Result: _____N/A_____

(8) Date of result (if you know): _____N/A_____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☒ No ❑

(2) Second petition:  Yes ❑ No ☒

(3) Third petition:   Yes ❑ No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: __With___
_respect to Petitioner's Second Petition for PCRA Relief, said Petition_
_has not yet been appealed to the highest state court having jurisdict-_
_ion over the matter because the Petition remains pending before the_
_State trial court._

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: __See, Page 6.1 infra__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
__See Memorandum of Law in Support of Petition for Writ of Habeas Corpus__

(b) If you did not exhaust your state remedies on Ground One, explain why: __N/A__

(c) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐ No ☐  N/A
   (2) If you did not raise this issue in your direct appeal, explain why: __N/A__

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      Yes ☒ No ☐
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: __Petition for Post-Conviction Collateral Relief__
   Name and location of the court where the motion or petition was filed: __Court of Common Pleas, Lebanon County, Pennsylvania - Lebanon, Pa.__
   Docket or case number (if you know): __CP-38-CR-1970-2017__
   Date of the court's decision: __February 3, 2020__

(CONTINUED FROM PAGE 6, QUESTION 12)

**GROUND ONE:** PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE HIS TRIAL COUNSEL, SHAWN M. CURRY, ESQ., FAILED TO FILE A DIRECT APPEAL TO THE PENNSYLVANIA SUPERIOR COURT FOLLOWING PETITIONER'S CONVICTION AND SENTENCING IN THE STATE TRIAL COURT.

Page 7

Result (attach a copy of the court's opinion or order, if available): __Denied__

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☒   No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Pennsylvania Superior Court,__
__Harrisburg, Pennsylvania__

Docket or case number (if you know): __422 MDA 2020__

Date of the court's decision: __May 17, 2021__

Result (attach a copy of the court's opinion or order, if available): __Denial of PCRA relief__
__affirmed.__

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __N/A__

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __Second Petition for Post-__
__Conviction Collateral Relief as filed in the State trial__
__court__

GROUND TWO: __See, Page 7.1 infra__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
__See Memorandum of Law in Support of Petition for Writ of__
__Habeas Corpus__

_____

(CONTINUED FROM PAGE 7, QUESTION 12)

**GROUND TWO:** PETITIONER WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHERE HIS TRIAL COUNSEL, SHAWN M. CURRY, ESQ:

(A) FAILED TO PROVIDE PETITIONER WITH COPIES OF TEXT MESSAGES FROM THE VICTIM'S CELL PHONE; WIRETAP RECORDINGS OBTAINED DURING THE COURSE OF PETITIONER'S CONFINEMENT AT THE LEBANON COUNTY JAIL; AS WELL AS RELEVANT INFORMATION REGARDING COMMONWEALTH WITNESS, ALEXY TORRES-FIGUEROA, WHERE SUCH MATERIAL AND INFORMATION BORE DIRECTLY ON PETITIONER DECISION TO TESTIFY AT THE TIME OF TRIAL;

(B) FAILED TO PRESENT THE TESTIMONY OF PETITIONER'S PARAMOUR, KIYAYLA RODRIGUEZ, AS AN ALIBI WITNESS;

(C) FAILED TO CROSS-EXAMINE COMMONWEALTH WITNESS, CHARLES HOLLOWAY, AS TO WHY HE WAS THE INDIVIDUAL WITH GUNSHOT RESIDUE ON HIS HANDS; AND

(D) FAILED TO REQUEST THE FBI RECORDING ANALYSIS OF THE 911 CALL, ALONG WITH PETITIONER'S CELL PHONE AND THE PHONE SIGNAL PING REPORT.

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ N/A

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:  N/A

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Petition for Post-Conviction Collateral Relief

Name and location of the court where the motion or petition was filed:  Court of Common Pleas,
Lebanon County, Pennsylvania - Lebanon, Pa.

Docket or case number (if you know):  CP-38-CR-1970-2017

Date of the court's decision:  February 3, 2020

Result (attach a copy of the court's opinion or order, if available):  Denied

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Pennsylvania Superior Court,
Harrisburg, Pennsylvania

Docket or case number (if you know):  422 MDA 2020

Date of the court's decision:  May 17, 2021

Result (attach a copy of the court's opinion or order, if available):  Denial of PCRA relief
affirmed

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Second Petition for Post-Conviction Collateral Relief as filed in the State trial court

**GROUND THREE:** See, Page 9.1, infra

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See Memorandum of Law in Support of Petition for Writ of Habeas Corpus

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: Ineffective assistance of initial-review post-conviction collateral relief counsel

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑ N/A

(2) If you did not raise this issue in your direct appeal, explain why: N/A

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Post-Conviction Collateral Relief

Name and location of the court where the motion or petition was filed: Court of Common Pleas, Lebanon County, Pennsylvania - Lebanon, Pa.

(CONTINUED FROM PAGE 9, QUESTION 12)

**GROUND THREE:** PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW, AS RESPECTIVELY GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHERE STATE COURT PROSECUTORS ENGAGED IN GROSS PROSECUTORIAL MISCONDUCT BY:

(A) FAILING TO DISCLOSE AND/OR OTHERWISE SUPPRESSING MATERIAL EVIDENCE IN THE FORM OF RESULTS FROM A VOICE EXEMPLAR ANALYSIS CONDUCTED BY THE FEDERAL BUREAU OF INVESTIGATION ("FBI") IN RELATION TO A 911 RECORDING IN WHICH IT WAS ALLEGED BY THE PROSECUTION THAT THE VOICE OF THE PERPETRATOR OF THE HOME INVASION ROBBERY/HOMICIDE AT ISSUE COULD BE HEARD IN THE BACKGROUND;

(B) FAILING TO DISCLOSE AND/OR OTHERWISE SUPPRESSING MATERIAL EVIDENCE IN THE FORM OF RESULTS FROM A CELL PHONE LOCATION TOWER PING OF PETITIONER'S CELLULAR TELEPHONE ON THE DATE OF THE HOME INVASION ROBBERY/HOMICIDE AT ISSUE;

(C) FAILING TO DISCLOSE AND/OR OTHERWISE SUPPRESSING MATERIAL EVIDENCE IN THE FORM OF DEALS AND PROMISES MADE TO PROSECUTION WITNESS, CHARLES HOLLOWAY, IN EXCHANGE FOR HIS TESTIMONY AGAINST PETITIONER AT THE TIME OF TRIAL; AND

(D) FAILING TO DISCLOSE AND/OR OTHERWISE SUPPRESSING MATERIAL EVIDENCE IN THE FORM OF DEALS AND PROMISES MADE TO PROSECUTION WITNESS, ALEXY TORRES-FIGUEROA, IN EXCHANGE FOR HIS TESTIMONY AGAINST PETITIONER AT THE TIME OF TRIAL.

Docket or case number (if you know): CP–38–CR–1970–2017

Date of the court's decision: __Pending__

Result (attach a copy of the court's opinion or order, if available): _Pending_

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐  Pending

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐  N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐  N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A _____

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    N/A

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____ N/A _____

_____

_____

GROUND FOUR: _See Pages 10.1 – 10.2 infra_

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

See Memorandum of Law in Support of Petition for Writ of Habeas Corpus

_____

_____

_____

(8) FAILED TO OBJECT OT THE INTRODUCTION OF PREJUDICIAL PHOTOGRAPHS OF THE DECEDENT AT THE TIME OF TRIAL WHERE THE CAUSE AND MANNER OF DEATH WERE NOT IN DISPUTE AND WHERE THE INJURIES AS SUSTAINED TO THE DECEDENT WERE CAPABLE OF BEING EXPLAINED BY THE PROSECUTION'S FORENSIC MEDICAL EXPERT WITHOUT THE AID OF SAID PHOTOGRAPHS;

(9) FAILED TO IMPEACH PROSECUTION WITNESS, ALEXY TORRES-FIGUEROA, BASED UPON HIS PRIOR CONVICTIONS FOR LYING TO LAW ENFORCEMENT;

(10) FAILED TO REQUEST THE STATE TRIAL COURT TO INSTRUCT THE JURY THAT THE TESTIMONY OF PROSECUTION WITNESSES CHARLES HOLLOWAY AND/OR ALEXY TORRES-FIGUEROA WAS TO BE VIEWED WITH GREATER SCRUTINY THAN OTHER WITNESSES, EVEN WITNESSES WITH BIAS, BECAUSE OF THE POTENTIAL FOR PERJURY BORN OUT OF HALLOWAY AND/OR TORRES-FIGUEROA'S SELF-INTEREST IN CURRYING FAVOR WITH STATE AUTHORITIES WITH AN AIM TOWARDS OBTAINING LENIENCY, SENTENCE REDUCTIONS AND OTHER CONSIDERATION IN EXCHANGE FOR THEIR TESTIMONY AGAINST PETITIONER; AND

(11) FAILED TO COMMUNICATE TO PETITIONER A GUILTY PLEA OFFER, MADE BY THE PROSECUTION PRIOR TO THE COMMENCEMENT OF TRIAL, UNDER THE TERMS OF WHICH, IN EXCHANGE FOR PETITIONER'S AGREEMENT TO PLEAD GUILTY, THE PROSECUTION AGREED THAT PETITIONER WOULD RECEIVE A GLOBAL SENTENCE OF 16 TO 32 YEARS INCARCERATION.

(b) If you did not exhaust your state remedies on Ground Four, explain why: __Ineffective assistance__
__of initial-review post-conviction collateral relief counsel__

(c)  Direct Appeal of Ground Four:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐  No ☐  N/A

   (2) If you did __not__ raise this issue in your direct appeal, explain why: ___N/A___

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ☒  No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _Petition for Post-Conviction Collateral Relief_

   Name and location of the court where the motion or petition was filed: _Court of Common Pleas,_
   _Lebanon County, Pennsylvania - Lebanon, Pa._

   Docket or case number (if you know): _CP-38-CR-1970-2017_

   Date of the court's decision: _Pending_

   Result (attach a copy of the court's opinion or order, if available): _Pending_

   (3) Did you receive a hearing on your motion or petition?

   Yes ☐  No ☐  Pending

   (4) Did you appeal from the denial of your motion or petition?

   Yes ☐  No ☐  N/A

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐  No ☐  N/A

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: ___N/A___

   Docket or case number (if you know): ___N/A___

   Date of the court's decision: ___N/A___

   Result (attach a copy of the court's opinion or order, if available): ___N/A___

Page 12

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____N/A_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐ No ☒

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: __The claims for relief set forth at Grounds Three and Four__ __have not been presented to the highest state court having jurisdiction__ __because they remain pending in a second state court Petition for__ __Post-Conviction Collateral Relief__

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ___N/A___

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ___N/A___

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☒    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.  <u>At present, Petitioner has a Petition for PCRA Relief pending</u> <u>before the Court of Common Pleas, Lebanon County, Pennsylvania,</u> <u>Docket No.: CP-38-CR-1970-2017, in which he raises the claims set</u> <u>forth in this Petition at Grounds Three and Four</u>

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: <u>Shawn M. Curry –</u>_____

_____

(d) At sentencing: <u>Shawn M. Curry –</u>_____

_____

(e) On appeal: <u>N/A</u>_____

_____

(f) In any post-conviction proceeding: <u>Melissa Montgomery - 616 Paxton Place,</u> <u>Suite 101, Lititz, PA 17543</u>_____

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>Melissa Montgomery –</u> <u>616 Paxton Place, Suite 101, Lititz, PA 17543</u>_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ _____<u>N/A</u>_____

(b) Give the date the other sentence was imposed: _____<u>N/A</u>_____

(c) Give the length of the other sentence: _____<u>N/A</u>_____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐
<u>N/A</u>

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: appoint counsel, grant leave to engage in limited discovery, allocate funds for the retention of an independent GSR and telecommunications/audio expert, schedule an evidentiary hearing, direct Petitioner's discharge from custody, or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on August 20, 2021 _____ (month, date, year).

Executed (signed) on August 20, 2021 (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

* * * * *

SCOTT KIRCHNER
INMATE NO.: HK-0751
STATE CORRECTIONAL INSTITUTION AT HUNTINGDON
1100 PIKE STREET
HUNTINGDON, PA 16654-1112

August 20, 2021

Peter J. Welsh - Clerk
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building
& United States Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

RE: **Kirchner v. Kauffman, et al.**
   Civil Action No: 1:21-CV-1200-SHR-EB

Dear Sir or Madam:

   Enclosed herewith you will find for filing the original of my Amended
Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. 2254, as
well as my Notice of Election.

   You will notice I have attached a copy of the first page of my Amended
Petition to this letter. Please time/date stamp the same and return it to me
at the address listed above.

   Thank you for your time, attention and assistance in this matter.


                              Most respectfully,


                              Scott Kirchner
                              Pro se Petitioner
Enclosure
cc: file

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT KIRCHNER,
              Petitioner,

          vs.

SUPERINTENDENT KEVIN KAUFFMAN;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA; and
THE DISTRICT ATTORNEY FOR
LEBANON COUNTY, PENNSYLVANIA,
              Respondents.

: DOCKET NO.: 1:21-CV-1200-SHR-EB
:
:
: TYPE OF ACTION:
: Amended Petition for Writ of Habeas Corpus
: Pursuant to 28 U.S.C. §2254
:
:
: FILED ON BEHALF OF:
: Scott Kirchner
: Pro se Petitioner
: Inmate No.: HK-0751
: SCI-Huntingdon
: 1100 Pike Street
: Huntingdon, PA 16654-1112
:
:
: ATTORNEY OF RECORD FOR THIS PARTY:
: Unrepresented - Appointment of Counsel
: Requested
:
:
: OPPOSING COUNSEL:
: Office of Chief Counsel
: Pa. Department of Corrections
: 1920 Technology Parkway
: Mechanicsburg, PA 17050
:
: Office of the Attorney General
: for the State of Pennsylvania
: 16th Floor Strawberry Square
: Harrisburg, PA 17120
:
: District Attorney for the
: County of Lebanon, Pennsylvania
: Lebanon County Courthouse
: 400 South 8th Street
: Lebanon, PA 17042
:
:
:
:
:
:
:
:
:
:
:

US POSTAGE FIRST-CLASS
$ 001.80
ZIP 16652
02 4H
0000372161 AUG 23 2021

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

Name  Scott Kirchner
Number  HK-0751
1100 Pike Street
Huntingdon, PA 16654-1112

LEGAL MAIL
RECEIVED
SCRANTON

AUG 2 5 2021

PER _____ DEPUTY CLERK

Inmate Mail - PA DEPT OF CORRECTIONS

Peter J. Welsh - Clerk
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building
& United States Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148