# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT KIRCHNER, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-1200 |
|     v. | : | |
| | : | (Judge Rambo) |
| KEVIN KAUFFMAN, *et al.*, | : | |
|     Respondents | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On July 8, 2021, *pro se* Petitioner Scott Kirchner ("Petitioner"), who is presently confined at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1.) He paid the requisite filing fee that same day. (Doc. No. 4.) On August 25, 2021, Petitioner filed an amended § 2254 petition. (Doc. No. 11.) In an Order entered that same day, the Court directed Respondents to file a response to the amended § 2254 petition within twenty (20) days. (Doc. No. 12.) On September 9, 2021, Petitioner filed a motion seeking leave to file a memorandum in support of his amended § 2254 petition. (Doc. No. 13.) In an Order entered that same day, the Court granted Petitioner's motion and directed him to file his memorandum within forty-five (45) days. (Doc. No. 14.) The Court directed Respondents to file a response to the amended § 2254 petition within twenty (20) days of the date on which Petitioner

filed his memorandum. (*Id.*) On September 13, 2021, the Court granted Respondents motion for an extension of time to file a response and directed them to do so within sixty (60) days of the date on which Petitioner filed his memorandum. (Doc. Nos. 15, 16.)

This matter is before the Court pursuant to Respondents' motion to dismiss (Doc. No. 17) and Petitioner's motion for an extension of time (Doc. No. 18) to file his memorandum in support of his § 2254 petition. In their motion to dismiss, Respondents assert that on September 17, 2021, Petitioner filed a Post Conviction Relief Act ("PCRA") petition in the Court of Common Pleas for Lebanon County, Pennsylvania and, therefore, "now has concurrent petitions filed in both the federal and state courts challenging his conviction." (Doc. No. 17 at 2.) Respondents maintain that Petitioner's amended § 2254 petition contains exhausted and non-exhausted claims and should be dismissed for that reason. (*Id.*)

On September 27, 2018, following a jury trial in the Court of Common Pleas for Lebanon County, Petitioner was found guilty of first-degree murder, three (3) counts of robbery, three (3) counts of aggravated assault, one (1) count of burglary, and four (4) counts of criminal conspiracy. *Commonwealth v. Kirchner*, 2021 WL 1968171, at *2 (Pa. Super. Ct. May 17, 2021). On November 21, 2018, he was sentenced to an aggregate term of life imprisonment without parole. *Id.* He did not seek post-sentence relief or file a direct appeal. *Id.*

On March 7, 2019, Petitioner filed a *pro se* PCRA petition seeking to have his appellate rights restored *nunc pro tunc*. *Id.* Counsel was appointed and Petitioner subsequently filed two (2) amended petitions setting forth additional claims of ineffective assistance of counsel. *Id.* Following two (2) hearings, the PCRA court denied his PCRA petition on February 3, 2020. *Id.* On May 17, 2021, the Superior Court of Pennsylvania affirmed the denial of Petitioner's PCRA petition. *Id.* at \*11.

A review of the state court docket indicates that on September 27, 2021, Petitioner filed a new PCRA petition and an amended PCRA petition in the PCRA court. *Commonwealth v. Kirchner*, Docket No. CP-38-CR-0001970-2017 (Lebanon Cty. C.C.P.). Respondents have attached a copy of the amended PCRA petition to their motion to dismiss. (Doc. No. 17-1.) In the amended PCRA petition, Petitioner indicates that he has filed a § 2254 petition in this Court, which he will be "requesting be placed on stay pending the outcome of the instant PCRA proceedings." (*Id.* at 9.) On September 30, 2021, the PCRA court appointed counsel to represent Petitioner and directed the Commonwealth to file a response to the amended PCRA petition by November 1, 2021. (Doc. No. 17-2.)

A review of Petitioner's amended § 2254 petition indicates that he is asserting claims of ineffective assistance of counsel that were litigated in his previous PCRA proceedings, as well as claims of ineffective assistance that are currently pending before the PCRA court. (Doc. No. 11.) Petitioner acknowledges that his second

3

PCRA petition remains pending before the state court. (*Id.* at 7.) Given the pendency of Petitioner's new PCRA proceedings, the Court concludes that it is appropriate to stay, not dismiss, the above-captioned action in accordance with the stay and abeyance rule announced in *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (finding that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition"). The Court, therefore, will deny as moot Respondents' motion to dismiss (Doc. No. 17) and Petitioner's motion for an extension of time (Doc. No. 18).

**AND SO**, on this 20th day of October 2021, upon consideration of the foregoing, **IT IS ORDERED THAT**:

1. The above-captioned case is **STAYED** pending further Order of this Court;

2. Petitioner is directed to file, within sixty (60) days of the date on which his state PCRA proceedings conclude, a notice apprising the Court of the completion date of such proceedings and whether he intends to pursue his amended § 2254 petition;

3. Failure to comply with the time requirements set forth above will result in the stay being vacated *nunc pro tunc*. *See id.* at 154 (citing *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001));

4. Respondents' motion to dismiss (Doc. No. 17) and Petitioner's motion for an extension of time (Doc. No. 18) are **DENIED AS MOOT**; and

5. The Clerk of Court is directed to administratively **CLOSE** the above-captioned case.

                                                <u>s/ Sylvia H. Rambo</u>
                                                United States District Judge